UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-0751 PA (SPx) | Date | September 27, 2013 |
|---|---|---|---|
| Title | Christine Inman, et al. v. Bank of America, N.A., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS

Before the Court is a Motion to Dismiss filed by defendant Bank of America, N.A. ("Defendant") [Docket No. 16]. Defendant challenges the sufficiency of the First Amended Complaint ("FAC") filed by plaintiffs Christine Inman and David Inman ("Plaintiffs"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

Additionally, on July 26, 2013, the Court issued an Order to Show Cause re: why this action should not be dismissed without prejudice for lack of subject matter jurisdiction and why one or more defendants should not be dropped from this case for improper joinder. As to the jurisdiction issue, Plaintiffs' Response [Docket No. 35] provides additional facts alleging that the matter in controversy exceeds the sum or value of $75,000.00.

As to the joinder issue, the Response states, "Plaintiffs' claims against all defendants arise out of the purchase of Plaintiffs' Property. Specifically, the claims against ReMax are based on their representation of Plaintiffs during the purchase and their claims against Bank of America are based on the loan that was obtained to finance that purchase." The Court determines that these two defendants have been improperly joined in this action. See Fed. R. Civ. P. 18, 20, 21; see also Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997) (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court.").

Pursuant to Federal Rule of Civil Procedure 21, misjoinder of parties "is not a ground for dismissing an action." Instead, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Where there is a misjoinder, "the court can generally dismiss all but the first named [defendant] without prejudice to the institution of new, separate lawsuits [against] the dropped [defendants]." Coughlin , 130 F.3d at 1350. The Court thus drops defendant RE/MAX, LLC from this action.

Therefore, only Plaintiffs' claims against defendant Bank of America, N.A. remain in this action. Plaintiffs may refile their claims against the remaining defendant in an appropriate separate action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-0751 PA (SPx) | Date | September 27, 2013 |
|---|---|---|---|
| Title | Christine Inman, et al. v. Bank of America, N.A., et al. | | |

I.      Factual & Procedural Background

On or about August 21, 2006, Plaintiffs obtained a $190,000 mortgage loan from Countrywide Home Loans, Inc. ("CWHL"), which was secured by a Deed of Trust ("DOT") on real property located at 548 Los Angeles Avenue, Sugarloaf, California 92386 (the "Property"). (FAC at 14.)  The DOT identifies Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, and ReconTrust Company, N.A. ("ReconTrust") as trustee.  On or about September 19, 2006, MERS assigned its beneficial interest in the DOT to CalHFA, as evidenced by an Assignment of Deed of Trust recorded on February 14, 2012.  Bank of America, N.A. became a party to the contracts in or around 2008, when it purchased Plaintiffs' loan.  After Plaintiffs' defaulted on their loan, ReconTrust recorded a Notice of Default and Election to Sell Under Deed of Trust ("NOD") against the Property on February 12, 2013, indicating that Plaintiffs owed $26,181.42 in past due payments.  The NOD also states that Plaintiffs' loan was accelerated due to their failure to occupy the Property as their principal residence as required under the DOT, the CalHFA Tax-Exempt Financing Rider, the Promissory Note for the CalHFA Housing Assistance Program, and Plaintiffs' affidavit at loan origination.

According to the FAC, Plaintiffs contacted their lender, Bank of America, N.A., around September 2011, to inquire about refinancing the property in hopes that their loan amount would be reduced to reflect the true value of the property. (FAC at 21.)  Plaintiffs went to their nearest branch and spoke with an individual named Linda Rae. (FAC at 22.)  The FAC alleges that Rae told Plaintiffs that they could not refinance their loan, however, they could qualify for a loan modification which would reduce their principal balance to reflect the true value of the property. (FAC at 22.)  Plaintiffs further allege that Rae indicated that in order to receive the modification, Plaintiffs would need to stop making payments on their loan. (FAC at 22.)

Plaintiffs allege that they missed their October 2011 loan payment based on these representations and submitted a completed loan modification application to Defendant.  Plaintiffs further allege that they received confirmation from Defendant that it was in receipt of a complete loan modification application. (FAC at 23.)  Thereafter, Plaintiffs' loan modification application was in underwriting with Defendant, with no final resolution of the application. (FAC at 25.)  On February 12, 2013, Plaintiffs received the NOD indicating that Defendant had begun foreclosure proceedings on their property. (FAC at 25.)  The NOD states that Plaintiffs' loan has been accelerated because Plaintiffs have failed to occupy the Property as their principal residence for the life of the loan and included an amount Defendant believed was in default. (FAC at 25.)  Plaintiffs have always lived on the property and continue to live on the property. (FAC at 25.)  Additionally, Plaintiffs learned that Defendant had reported them late to credit agencies throughout Plaintiffs' loan modification application review.

Plaintiffs filed this action on April 24, 2013.  After Defendants filed a Motion to Dismiss, Plaintiffs filed their FAC as a matter of right on June 17, 2013.  The FAC alleges six claims against Defendant Bank of America, N.A.: (1) violation of 15 U.S.C. § 1691; (2) breach of the implied covenant of good faith and fair dealing; (3) promissory estoppel; (4) violation of Cal. Civ. Code §§ 2924.18 and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-0751 PA (SPx) | Date | September 27, 2013 |
|---|---|---|---|
| Title | Christine Inman, et al. v. Bank of America, N.A., et al. | | |

2923.55; (5) violation of Cal. Civ. Code§ 2924; (6) violation of Bus. & Prof. Code § 17200 et seq. ("UCL"). Additionally, the FAC alleges three claims against defendant RE/MAX, LLC: (1) fraud; (2) negligent misrepresentation; and (3) breach of fiduciary duty. The FAC omits CalHFA as a named defendant. Plaintiffs' claims against Defendant are premised on the allegations that they were induced to default on their loan in order to qualify for a loan modification and were promised they would not be reported to credit agencies as late on their payments. Defendant now moves to dismiss the FAC for failure to state a claim upon which relief may be granted.

II.  Legal Standard & Defendant's Request for Judicial Notice

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-0751 PA (SPx) | Date | September 27, 2013 |
|---|---|---|---|
| Title | Christine Inman, et al. v. Bank of America, N.A., et al. | | |

whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

Defendant submitted a Request for Judicial Notice ("RJN") in support of its Motion to Dismiss. When considering 12(b)(6) motions, courts are generally limited to considering materials within the pleading. Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 1996)). The court may, however, take judicial notice of official records and reports without converting a 12(b)(6) motion into a Rule 56 motion for summary judgment. MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). Plaintiffs do not oppose Defendant's RJN, and the documents contained in the request are public records. Therefore, the Court will take judicial notice of those documents attached to Defendant's RJN.

III.     Analysis

    A.     Equal Credit Opportunity Act, 15 U.S.C. § 1691

The Equal Credit Opportunity Act ("ECOA") makes it illegal "for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a)(1). One way that ECOA effectuates this goal is through its notice requirement, which states: "Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor." Id. § 1691(d)(2). Schlegel v. Wells Fargo Bank, NA (In re Schlegel), 2013 U.S. App. LEXIS 13595 (9th Cir. Cal. July 3, 2013). Adverse action for purposes of the ECOA does not include "refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default, or where such additional credit would exceed a previously established credit limit." 15 U.S.C. §1691(d)(6).

To state a discrimination claim under ECOA, plaintiff must show that: (1) she was a member of a protected class; (2) she applied for and was qualified for the loan at issue; (3) the loan was rejected despite plaintiff's qualifications; and (4) a creditor continued to approve loans for similarly situated applicants or treated members not in the protected class more favorably. See Shiplet v. Veneman, 620 F. Supp. 2d 1203, 1232 (D. Mont. 2009); Williams v. Bank of Am., 2013 U.S. Dist. LEXIS 65216, 18-19 (E.D. Cal. May 6, 2013).

Plaintiffs appear to allege a violation of the procedural requirements of the ECOA, namely that a creditor must, within 30 days of receiving a completed application for credit, notify the applicant of its action on the application and provide a specific statement of the reasons for any adverse action. 15 U.S.C. § 1691(d)(2).

Defendant argues that Plaintiffs are not entitled to loan modification, and therefore their claim demanding that they were entitled to a modification must be denied. Here, Plaintiffs allege only a procedural violation of the ECOA for failure to provide notice of any action taken on the loan modification application within 30 days of its submission. (FAC at 36-38.) Plaintiffs do not allege that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-0751 PA (SPx) | Date | September 27, 2013 |
|---|---|---|---|
| Title | Christine Inman, et al. v. Bank of America, N.A., et al. | | |

they applied for and were qualified for a loan modification, that the application was rejected despite Plaintiffs' qualifications, or that the creditor continued to approve loans for similarly-situated applicants. To the extent that Plaintiffs were trying to do so, they have failed to state a claim for a substantive violation of the ECOA. However, Plaintiffs have adequately alleged that Defendant failed to notify the applicant of its action on the application within 30 days, a procedural violation of the ECOA.

Defendant also argues that ECOA's notice requirements do not apply where the consumer requesting credit is delinquent or in default on an existing credit arrangement. Davis v. CitiMortgage, Inc., No. 10-cv-12136, 2011 WL 891209, at *2 (E.D. Mich. Mar. 11, 2011). When a creditor takes an adverse action against an applicant without giving the required notice, the applicant may sue for a violation of ECOA. Schlegel, 2013 U.S. App. LEXIS 13595. Adverse action does not include "[a]ny action or forbearance relating to an account taken in connection with inactivity, default, or delinquency as to that account." 12 C.F.R. § 202.2(c)(2)(ii). Plaintiffs' Opposition asserts that they were not in default when they sought a loan modification. According to the FAC, Plaintiffs applied for loan modification in October 2011. (FAC at 23.) The FAC alleges that an employee of Defendant, Linda Rae, told Plaintiffs that in order to receive loan modification, they would need to stop making payments on their loan. Additionally, the FAC alleges that "Plaintiffs missed their October 2011 loan payment and submitted a completed loan modification application to Defendant. . . ." Based on these allegations, Plaintiffs were in default when they submitted their loan modification application. Therefore, the ECOA's notice requirements do not apply in this case, and Defendant's Motion to Dismiss Plaintiffs' ECOA claim is granted without leave to amend.

      B.      <u>Breach of the Implied Covenant of Good Faith & Fair Dealing</u>

"The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made." Guz v. Bechtel Nat. Inc., 24 Cal. 4th 317, 349, 100 Cal. Rptr. 2d 352, 8 P.3d 1089 (Cal. 2000). See also Kelley v. Mortgage Elec. Registration Sys., Inc., 642 F. Supp. 2d 1048, 1055 (N.D. Cal. 2009) (citations omitted) (noting that the "implied covenant 'prevent[s] a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract'").

The elements of a claim for breach of the covenant of good faith and fair dealing are: (1) the plaintiff and the defendant entered into a contract; (2) the plaintiff did all or substantially all of the things that the contract required him to do or that he was excused from having to do; (3) all conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the defendant's conduct harmed the plaintiff. Woods v. Google, Inc., 889 F. Supp. 2d 1182, 1194 (N.D. Cal. 2012).

All contracts contain an implied covenant not to hinder the other party's performance. See Harvey v. Bank of Am., N.A., 2013 U.S. Dist. LEXIS 23451 (N.D. Cal. Feb. 20, 2013) (finding Plaintiff had sufficiently stated a claim for breach of an implied covenant where Plaintiff alleged that Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-0751 PA (SPx) | Date | September 27, 2013 |
|---|---|---|---|
| Title | Christine Inman, et al. v. Bank of America, N.A., et al. | | |

hindered Plaintiff's ability to make payments under the contract by advising Plaintiff not to make payments in order to apply for a loan modification).

Here, the FAC contains allegations that Defendant interfered with Plaintiffs' ability to enjoy the benefits of the loan agreements by inducing Plaintiffs to stop making their mortgage payments in order to receive a principal reduction. (FAC at 44-46). Plaintiffs have failed to sufficiently state a claim for breach of an implied covenant because Plaintiffs do not specify a breach arising from a specific provision of the DOT or the Note. The FAC does not specifically allege this cause of action as one in contract, and the prayer for relief includes a prayer for exemplary damages. Therefore, Defendant's Motion to Dismiss Plaintiffs' breach of the implied covenant claim is granted with leave to amend.

    C.    <u>Promissory Estoppel</u>

"Promissory estoppel requires: (1) a promise that is clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his or her reliance." <u>Boon Rawd Trading Int'l Co., Ltd. v. Paleewong Trading Co., Inc.</u>, 688 F. Supp. 2d 940, 953 (N.D. Cal. 2010). "The purpose of this doctrine is to make a promise that lacks consideration (in the usual sense of something bargained for and given in exchange) binding under certain circumstances." <u>Id.</u>

Defendant argues that Plaintiffs' promissory estoppel claim fails, because they do not allege a clear, unambiguous promise, reasonable reliance, or damages. However, Plaintiffs' FAC does allege these elements of promissory estoppel. Plaintiffs allege that in or around September 2011, they received promises from Defendant that if Plaintiffs stopped making payments on their loan, they could pursue loan modification and it would not negatively affect their credit. (FAC at 69.) Plaintiffs allege that they reasonably relied on the promises not to report missed payments to credit bureaus and missed payments on their loan. (FAC at 70.) Plaintiffs further allege damage in the form of a destruction of their credit, payment of excessive fees, and related attorney fees. (FAC at 74-75.) For pleading purposes, these allegations are sufficient to state a promissory estoppel claim. See <u>Harvey v. Bank of Am., N.A.</u>, 906 F. Supp. 2d 982 (N.D. Cal. 2012).

Additionally, Defendant argues that Plaintiffs' claim must fail because it is barred by the statute of frauds since Plaintiffs do not allege that the promises of a loan modification were in writing. The Court is not persuaded by this argument, because Plaintiffs do not allege promises of an actual loan modification or promises to modify the terms of the DOT. Plaintiffs allege promises independent of those contained in the DOT, specifically, that Defendant would refrain from reporting missed payments to credit bureaus if Plaintiff were late on their payments in order to apply for a loan modification. Defendant's Motion to Dismiss Plaintiffs' promissory estoppel claim is denied.

    D.    <u>Violation of Cal. Civ. Code §§ 2924.18 and 2923.55</u>

The California Homewoners' Bill of Rights ("HBOR") became effective on January 1, 2013, and it does not apply retroactively. <u>See</u> Cal. Civ. Code § 2923.6; <u>Guglielmelli v. Wells Fargo Bank, N.A.</u>, 2013 U.S. Dist. LEXIS 43063, at *11 (C.D. Cal. Mar. 26, 2013). HBOR prohibits dual tracking: "If a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-0751 PA (SPx) | Date | September 27, 2013 |
|---|---|---|---|
| Title | Christine Inman, et al. v. Bank of America, N.A., et al. | | |

borrower submits a complete application for a first lien loan modification . . . [the] mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien modification is pending." Id. § 2923.6(c); see also § 2924.18; Emick v. JPMorgan Chase Bank, 2013 U.S. Dist. LEXIS 101706, 8-9 (E.D. Cal. July 18, 2013).

  Pursuant to Cal. Civil Code § 2924.18, "[i]f a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer. . . shall not record a notice of default, notice of sale, or conduct a trustee's sale while the complete first lien loan modification application is pending." Defendant argues that Plaintiffs' allegations are insufficient because Plaintiffs' application was not complete and Plaintiffs' property was not owner-occupied. However, Plaintiffs have pleaded that they submitted a complete application and that Defendant confirmed receipt of that completed application. (FAC at 23, 81.) In addition, Plaintiffs have pleaded that their property was owner-occupied at all times. (FAC at 24, 25, 80.) The FAC alleges that on February 12, 2013, Plaintiffs received a Notice of Default indicating that Defendant had begun foreclosure proceedings, even though Plaintiffs' loan modification application is still pending. (FAC at 25.) Therefore, Defendant's Motion to Dismiss Plaintiffs' § 2924.18 claim is denied.

  Pursuant to Cal. Civil Code § 2923.55(a) and (b)(l), "[a] mortgage servicer. . . may not record a notice of default. . . until. . . a mortgage servicer. . . send[s] the following information in writing to the borrower:

> (B) A statement that the borrower may request the following:
> (i) A copy of the borrower's promissory note or other evidence of indebtedness.
> (ii) A copy of the borrower's deed of trust or mortgage.
> (iii) A copy of any assignment, if applicable, of the borrower's mortgage or deed of trust required to demonstrate the right of the mortgage servicer to foreclose.
> (iv) A copy of the borrower's payment history since the borrower was last less than 60 days past due.

Plaintiffs have alleged that Defendant failed to provide them with this information, in writing, prior to filing the Notice of Default on or around February 12, 2013. (FAC at 83.) Defendant argues that Plaintiffs have not alleged that they did not receive the required information under the statute and that the NOD includes some of this information. The NOD states, "[u]pon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay." Additionally, the NOD indicates that Plaintiffs had the right to find out if their property was in foreclosure for any other reason. While the NOD contains some of the information required under § 2923.55, it does not inform the borrower of his right to request the note, the deed of trust, all assignments and a payment history. Since the FAC alleges that Defendant failed to provide this information to Plaintiffs prior to recording the NOD and the NOD does not clearly refute these allegations, Defendant's Motion to Dismiss Plaintiffs' § 2923.55 claim is denied.

  Pursuant to § 2923.5(a)(2) and 2923.5(g), lenders are required to contact, or attempt with due diligence to contact, a borrower regarding potential alternatives to foreclosure before filing a notice of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-0751 PA (SPx) | Date | September 27, 2013 |
|---|---|---|---|
| Title | Christine Inman, et al. v. Bank of America, N.A., et al. | | |

default. Civ. Code § 2923.5. The FAC recites the statutory language and contains conclusory allegations that Defendant failed to comply with this section. Plaintiffs have admitted that they communicated with Defendant during this time period, and the NOD contains a declaration attesting to Defendant's due diligence under § 2923.5. Accordingly, Defendant's Motion to Dismiss Plaintiffs' § 2923.5 claim is granted without leave to amend.

> E. Violation of Cal. Civ. Code § 2924

Pursuant to Cal. Civil Code § 2924, Defendant must include in the Notice of Default a statement setting forth the nature of the breach. Plaintiffs allege that Defendant recorded an improper NOD based on their conclusory allegation that the nature of the breach was not known to them, the arrearage amount listed on the NOD was inflated, and the statement setting forth the nature of the breach was faulty. (FAC at 18-19, 51-55.) However, Plaintiffs concede default on their loan. Morever, the NOD explicitly sets forth the nature of Plaintiffs' breach. Specifically, the NOD states that there were past due payments in the amount of $26,181.42, and that the owners failed to occupy the Property as their primary residence for the duration of the loan. Therefore, Defendant's Motion to Dismiss Plaintiffs' § 2924 claim is granted without leave to amend.

> F. California Unfair Competition Law

California Business and Professions Code section 17200 et seq., is referred to as California's "unfair competition statute" ("UCL") and prohibits "any unlawful, unfair or fraudulent business act or practice." In re Pomona Valley Med. Group, Inc., 476 F.3d 665, 674 (9th Cir. 2007). Plaintiffs' UCL claim is based on the ECOA and HBOR claims and Plaintiffs' allegations that Defendant induced them to stop making payments on their loan. Additionally, Plaintiffs allege that Defendant's unlawful conduct caused Plaintiffs to incur money damages, payment of excessive fees, destruction of their credit, and costs to prevent the sale of their home. As discussed above, Plaintiffs have sufficiently pled facts to state some HBOR claims. Accordingly, Plaintiffs have stated a claim under the UCL, and therefore Defendant's Motion to Dismiss is denied as to this claim.

Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is granted with prejudice as to Plaintiffs' ECOA claim, § 2923.5 claim, and § 2924 claim. Defendant's Motion to Dismiss is denied as to Plaintiffs' promissory estoppel claim, § 2924.18 claim, § 2923.55 claim, and UCL claim. Defendant's Motion to Dismiss is granted with leave to amend as to Plaintiffs' implied covenant of good faith and fair dealing claim. Plaintiffs' Second Amended Complaint, if any, is to be filed by October 11, 2013.

IT IS SO ORDERED.