UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | ED CV 13-0751 PA (SPx) | Date | November 22, 2013 |
|---|---|---|---|
| Title | Christine Inman, et al. v. Bank of America, N.A., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS

Before the Court is a Motion to Dismiss filed by defendant Bank of America, N.A. ("Defendant") [Docket No. 42]. Defendant challenges the sufficiency of the Second Amended Complaint ("SAC") filed by plaintiffs Christine Inman and David Inman ("Plaintiffs"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for November 25, 2013 is vacated, and the matter taken off calendar.

I.      Factual & Procedural Background

On or about August 26, 2006, Plaintiffs obtained a $190,000 mortgage loan from Countrywide Home Loans, Inc. ("CWHL"), which was secured by a Deed of Trust ("DOT") on real property located at 548 Los Angeles Avenue, Sugarloaf, California 92386 (the "Property"). (SAC at 10-11.) The DOT identifies Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, and ReconTrust Company, N.A. ("ReconTrust") as trustee. On or about September 19, 2006, MERS assigned its beneficial interest in the DOT to CalHFA, as evidenced by an Assignment of Deed of Trust recorded on February 14, 2012. Bank of America, N.A. became a party to the contracts in or around 2008, when it purchased Plaintiffs' loan. After Plaintiffs' defaulted on their loan, ReconTrust recorded a Notice of Default and Election to Sell Under Deed of Trust ("NOD") against the Property on February 12, 2013, indicating that Plaintiffs owed $26,181.42 in past due payments. The NOD also states that Plaintiffs' loan was accelerated due to their failure to occupy the Property as their principal residence as required under the DOT, the CalHFA Tax-Exempt Financing Rider, the Promissory Note for the CalHFA Housing Assistance Program, and Plaintiffs' affidavit at loan origination.

According to the SAC, Plaintiffs contacted their lender, Bank of America, N.A., around September 2011, to inquire about refinancing the property in hopes that their loan amount would be reduced to reflect the true value of the property. (SAC at 18.) Plaintiffs went to their nearest branch and spoke with an individual named Linda Rae. (SAC at 19.) The SAC alleges that Rae told Plaintiffs that they could not refinance their loan, however, they could qualify for a loan modification which would reduce their principal balance to reflect the true value of the property. (SAC at 19.) Plaintiffs further

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-0751 PA (SPx) | Date | November 22, 2013 |
|---|---|---|---|
| Title | Christine Inman, et al. v. Bank of America, N.A., et al. | | |

allege that Rae indicated that in order to receive the modification, Plaintiffs would need to stop making payments on their loan. (Id.)

Plaintiffs allege that they missed their October 2011 loan payment based on these representations and submitted a completed loan modification application to Defendant. Plaintiffs further allege that they received confirmation from Defendant that it was in receipt of a complete loan modification application. (SAC at 20.) Thereafter, Plaintiffs' loan modification application was in underwriting with Defendant, with no final resolution of the application. (SAC at 22.) On February 12, 2013, Plaintiffs received the NOD indicating that Defendant had begun foreclosure proceedings on their property. (Id.) The NOD states that Plaintiffs' loan has been accelerated because Plaintiffs have failed to occupy the Property as their principal residence for the life of the loan and included an amount Defendant believed was in default. Plaintiffs have always lived on the property and continue to live on the property. (SAC at 21.) Additionally, Plaintiffs learned that Defendant had reported them late to credit agencies throughout Plaintiffs' loan modification application review.

Plaintiffs filed this action on April 24, 2013. After Defendants filed a Motion to Dismiss, Plaintiffs filed their FAC as a matter of right on June 17, 2013. Defendant then moved to dismiss the FAC. The Court's Order dated September 27, 2013, denied Defendant's motion as to Plaintiffs' promissory estoppel, violations of Cal. Civ. Code §§ 2924.18 and 2923.55, and violation of Bus. & Prof. Code § 17200, et seq. ("UCL") causes of action. The Court granted Defendant's motion as to the Plaintiffs' violation of 11 U.S.C. § 1691, Equal Credit Opportunity Act, violation of Cal. Civ. Code § 2923.5, and violation of Cal. Civ. Code § 2924 causes of action. The Court granted Defendant's motion with leave to amend as to Plaintiffs' breach the implied covenant of good faith and fair dealing cause of action.

The Second Amended Compliant ("SAC") alleges the following claims against Defendant: (1) breach of the implied covenant of good faith and fair dealing; (2) promissory estoppel; (3) violation of Cal. Civ. Code §§ 2924.18 and 2923.55; and (4) violation of Bus. & Prof. Code § 17200 et seq. ("UCL"). Plaintiffs' claims against Defendant are premised on the allegations that they were induced to default on their loan in order to qualify for a loan modification and were promised they would not be reported to credit agencies as late on their payments. Defendant only addresses Plaintiffs' breach of the implied covenant cause of action in its Motion to Dismiss the SAC.

II.     Legal Standard & Defendant's Request for Judicial Notice

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-0751 PA (SPx) | Date | November 22, 2013 |
|---|---|---|---|
| Title | Christine Inman, et al. v. Bank of America, N.A., et al. | | |

(1957)).  The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6).  See, e.g., Gilligan v. Jamco Dev. Corp. , 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery."  Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted).  Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]."  Id. at 556, 127 S. Ct. at 1965.  For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted).  In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

Defendant submitted a Request for Judicial Notice ("RJN") in support of its Motion to Dismiss.  When considering 12(b)(6) motions, courts are generally limited to considering materials within the pleading.  Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 1996)).  The court may, however, take judicial notice of official records and reports without converting a 12(b)(6) motion into a Rule 56 motion for summary judgment.  MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).  Plaintiffs do not oppose Defendant's RJN, and the documents contained in the request are public records.  Therefore, the Court will take judicial notice of those documents attached to Defendant's RJN.

III.   Analysis

"The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made."  Guz v. Bechtel Nat. Inc., 24 Cal. 4th 317, 349, 100 Cal. Rptr. 2d 352, 8 P.3d 1089 (Cal. 2000). See also Kelley v. Mortgage Elec. Registration Sys., Inc., 642 F. Supp. 2d 1048,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-0751 PA (SPx) | Date | November 22, 2013 |
|---|---|---|---|
| Title | Christine Inman, et al. v. Bank of America, N.A., et al. | | |

1055 (N.D. Cal. 2009) (citations omitted) (noting that the "implied covenant 'prevent[s] a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract'").

The elements of a claim for breach of the covenant of good faith and fair dealing are: (1) the plaintiff and the defendant entered into a contract; (2) the plaintiff did all or substantially all of the things that the contract required him to do or that he was excused from having to do; (3) all conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the defendant's conduct harmed the plaintiff. Woods v. Google, Inc., 889 F. Supp. 2d 1182, 1194 (N.D. Cal. 2012).

All contracts contain an implied covenant not to hinder the other party's performance. See Harvey v. Bank of Am., N.A., 2013 U.S. Dist. LEXIS 23451 (N.D. Cal. Feb. 20, 2013) (finding Plaintiff had sufficiently stated a claim for breach of an implied covenant where Plaintiff alleged that Defendant hindered Plaintiff's ability to make payments under the contract by advising Plaintiff not to make payments in order to apply for a loan modification).

Here, the SAC contains allegations that Defendant interfered with Plaintiffs' ability to enjoy the benefits of the loan agreements by inducing Plaintiffs to stop making their mortgage payments in order to receive a principal reduction. (SAC at 53.) Specifically, Defendant allegedly interfered with Plaintiffs' obligation to "promptly pay when due" their monthly loan payments as stated in Covenant 2 of the DOT. (SAC at 51.)

Defendant argues that this claim still fails because Plaintiffs have not alleged facts suggesting Defendant prevented them from making their payments or refused their payments when they were made. Plaintiffs allege that they were told by Defendant's representative, Linda Rae, that they needed to cease making payments in order to obtain loan modification and reduce Plaintiffs' principal balance to fair market value. (SAC at 54.) However, Plaintiffs do not allege facts showing that Defendant hindered their actual ability to perform under the Loans or unfairly frustrated their right to receive the benefits of the agreements. Plaintiffs fail to show the breach of any express contractual term, nor do they show that Defendant's alleged oral inducement to default on their loan is sufficient to show a breach of the implied covenant. Therefore, Plaintiffs have not sufficiently stated a claim for breach of the implied covenant of good faith and fair dealing.

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiffs' breach of implied covenant of good faith and fair dealing claim is granted. Defendant shall file its Answer no later than December 9, 2013.

IT IS SO ORDERED.